## HORACE KENT, Executor, *vs.* ELIJAH R. REED.

At the trial of an action by a mortgagee of personal property (whose mortgage provided that the mortgagor might retain possession until default, but that upon any attachment by any other creditor of the mortgagor the mortgagee might take immediate possession) against an officer attaching it as the property of the mortgagor, such attachment was admitted, but there was no evidence that the mortgagee had taken possession. The judge declined to rule that the plaintiff had shown no sufficient right to the mortgaged property to maintain the action, and submitted the case to the jury under other instructions not excepted to. *Held,* that the defendant had no ground of exception.

ACTION OF TORT for taking and converting certain articles of personal property of Seba Kent, the plaintiff's testator.

Trial in the superior court before *Wilkinson,* J. who signed a bill of exceptions, stating that the plaintiff gave in evidence a mortgage of the property from Lewis Kent to Seba Kent, in which it was provided that until default in the performance of the condition the mortgagor might remain in possession, but that, if the property or any part of it should be attached by any other creditor of the mortgagor, the mortgagee might take immediate possession.

The rest of the bill of exceptions was as follows : " There was no evidence that Seba Kent had taken possession of the mortgaged property before the taking complained of. But it was admitted that the defendant took the property by way of attachment as the property of Lewis Kent, the mortgagor. Upon this part of the case the defendant asked the court to rule that the plaintiff had shown no sufficient right to the mortgaged property in Seba Kent, to maintain the present action. But the court declined so to rule, and the case was submitted to the jury upon other instructions not excepted to, who returned a verdict for the plaintiff. The defendant, feeling aggrieved by the foregoing refusal of the court, excepts to the same."

*J. Daggett,* for the defendant.

*B. Sanford & J. E. Sanford,* for the plaintiff.

DEWEY, J. The right of immediate possession to the property alleged to have been taken by the defendant was duly

established by the plaintiff, by proof of the happening of the contingency stated in the mortgage from Lewis Kent to the plaintiff's testator, namely, an attachment of the property by a creditor of the mortgagor. That such attachment had been made was admitted at. the trial.

No question is presented upon the bill of exceptions upon the point now proposed to be argued by the counsel for the defendant, that where personal property held under a mortgage is attached, to entitle the mortgagee to maintain an action therefor it is incumbent on him to prove the making a statement of the amount of his claim, and a demand of payment therefor, and a neglect of the officer to comply with the same, agreeably to the provisions of the statute. It does not appear that any such instructions were refused to be given, or that any error occurred in the ruling of the court in this respect. We must presume that proper instructions on this point were given. The bill of exceptions does not purport to give all the instructions, but states the contrary. Aside from that point, which for the reasons just stated is not open here, we perceive no objection to be relied upon or well taken. *Exceptions overruled.*